IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM BUCK, #R21689, and JOHN DOES, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 18−cv–02125−SMY |
| vs. | ) ) |
| JOHN BALDWIN, DEBBIE KNAUER, SGT. RIGDON, C/O PUXDOM, C/O EDWARDS, C/O MALLORY, C/O HALLE, C/O WEAVER, HUNZICKER, LT. LONG, SABRINA FOX, CHERYL HANSON, EMILY RUSKINS, LT. SAMUELS, I.A. GARDINER, I.A. PHELPS, UNKNOWN PARTY, MS. PAPPAS, SHARON SIMPSON and MICHAEL MELVIN, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff William Buck, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Pontiac Correctional Center ("Pontiac"), brings this action *pro se* pursuant to 42 U.S.C. § 1983.[1] (Doc. 1). In the Complaint, Plaintiff alleges that he was subjected to

---

[1] Plaintiff designated this action as one brought pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, but failed to name the proper defendant for an FTCA claim

1

constitutional deprivations at Menard Correctional Center ("Menard") and Pontiac Correctional Center ("Pontiac") when prison officials assaulted him and denied him medical treatment for his injuries. (Doc. 1, pp. 10-19). Plaintiff[2] brings claims against Menard officials,[3] Pontiac officials,[4] and IDOC Director Baldwin for violations of his rights under the Eighth and Fourteenth Amendments and the Prison Rape Elimination Act ("PREA"). (*Id.*). He requests money damages and injunctive relief. (Doc. 1, p. 18).

This case is now before the Court for preliminary review of the Complaint. *See* 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Court must also consider whether any claims are improperly joined and subject to severance or dismissal. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## **The Complaint**

Plaintiff makes the following allegations in the Complaint: Plaintiff was targeted for a prison guard assault as a result of an IDOC policy or custom of conspicuously labeling certain

---

(*i.e.*, United States) or bring any claims against federal officials. The FTCA claim is therefore considered dismissed without prejudice from this action for failure to state a claim.

[2] Plaintiff brings these claims on behalf of himself and other similarly situated "John Does," and he seeks class certification. (Doc. 1, pp. 1, 18). His request for class certification is addressed herein.

[3] Plaintiff names the following Menard officials as defendants: Sergeant Rigdon, Officer Puxdom, Officer Edwards, Officer Mallory, Officer Halle, Officer Weaver, Lieutenant Samuels, Internal Affairs Officer Gardiner, Internal Affairs Officer Phelps, Ms. Pappas, Miss R (unknown mental health professional), and Hunzicker (transportation officer).

[4] Plaintiff names the following Pontiac officials as defendants: Lieutenant Long, Sabrina Fox, Cheryl Hanson, Emily Ruskins, Sharon Simpson, Michael Melvin, and Debbie Knauer.

inmates as "staff assaulters" on their photo identification cards and requiring them to wear black-and-white "striper" jumpsuits. (Doc. 1, pp. 16-17). The label typically attached after an inmate was disciplined for a staff assault and completed his punishment. Plaintiff was falsely labeled as a "staff assaulter" pursuant to this policy and targeted for an assault by Menard officials. He was then denied medical treatment for his injuries at Menard and Pontiac. IDOC Director John Baldwin was aware of and condoned the policy or custom. (*Id.*).

### A. *Menard*

As Plaintiff stood outside of the cage near Menard's West House on June 16, 2017, an armed tower guard responded to a "commotion" by ordering all inmates to "get down." (Doc. 1, pp. 10-12). Instead of following the order, Plaintiff told the guard to shoot him, which prompted the guard to begin firing shots.[5] Correctional Officers Puxdom, Edwards, Mallory, Halle and Weaver threw Plaintiff to the ground and began kicking and punching him as they cuffed him behind the back. Sergeant Rigdon then sprayed Plaintiff in the eyes with pepper spray. As Plaintiff was carried away, Puxdom yelled, "Make sure you get in his ass." Plaintiff then felt something penetrate his anus as Halle, Mallory, and Weaver pulled down his pants. At the same time, an officer tried to "pull out his right eye." (*Id.*). Lieutenant Samuels was present but never intervened. (Doc. 1, p. 14).

The officers took Plaintiff to Menard's health care unit ("HCU") where Miss R and Ms. Pappas denied him mental health and/or medical treatment. (Doc. 1, p. 11). Mallory and Halle then took Plaintiff to the shower where Officer Phelps tried to videotape him showering as Lieutenant Halle, Sergeant Lindenberg, and Sergeant Jones threatened him. (*Id.*). Before he could rinse the pepper spray from his body, Plaintiff was taken in a jumpsuit to meet with Officers Phelps

---

[5] Plaintiff is seriously mentally ill and suffers from suicidal tendencies when he is not medicated. (Doc. 1, p. 10). He "had not been getting his psych meds" in the days leading up to this incident. (*Id.*).

3

and Gardiner. (Doc. 1, p. 12). They refused to send him for treatment of broken bones in his hands, jaw, and ribs and for "partial" blindness. Plaintiff was instead placed in a cell and denied a food tray by Sergeant Jones. After repeatedly calling out for help with his medical and mental health issues, Officer Hunzicker forced Plaintiff into a "small dog cage" in the back of a van and transported him in restraints to Pontiac. (*Id.*). When dropping him off in Pontiac's HCU, Hunzicker told the staff not to treat him. (Doc. 1, pp. 12-17).

### B. Pontiac

At Pontiac, Plaintiff was given a jumpsuit and placed in an empty concrete cell in the North Cell House with no mattress, no running water, no bedding, and no clothing. (Doc. 1, pp. 14-15). He filed emergency grievances seeking medical treatment with Knauer, Melvin, and Simpson to no avail. Plaintiff then used his jumpsuit to attempt suicide. As he did so, Lieutenant Long opened the chuckhole and sprayed Plaintiff with pepper spray. (*Id.*). He was then taken to the "bullpen" and chained to a bench until he was transferred to another concrete cell with no mattress or running water. (Doc. 1, p. 13). MHP Todd Nelson ignored his requests for medical and mental health treatment. Internal Affairs Officer Michelin passed by Plaintiff's cell and said, "[T]hey got you good." (*Id.*). Nurse Sabrina Fox and three officers then asked Plaintiff if he was "sure" he wanted to file a PREA complaint after also asking if they "g[o]t deep" and whether it "fe[lt] good." (*Id.*). The officers denied Plaintiff's request for medical treatment. Officers would not feed Plaintiff and "constantly" threatened him. (*Id.*).

Assistant Warden Ruskins denied Plaintiff's request for medical treatment and psychotropic medications on June 19, 2017. (Doc. 1, p. 14). However, a federal monitor scheduled a medical examination for Plaintiff and made sure he received psychotropic, heart, and asthma medication on the same date. When Plaintiff met with Nurse Hanson and complained of broken

4

bones, partial left-eye blindness, and total right-eye blindness, she gave him eyedrops and scheduled an appointment with an eye doctor. However, she refused to treat his fractures and pain. P.A. Ojelade ordered x-rays, pain medication, and a referral to an eye doctor several weeks later. Plaintiff suffered permanent right-eye blindness due to the delay in treatment. (*Id*.).

**Discussion**

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated Counts:

**Count 1:** Baldwin created, implemented, or condoned a policy or custom of labeling certain inmates as "staff assaulters" by issuing them special photo identification and requiring them to wear black-and-white "stripers" that endangered their safety, health, and well-being in violation of the Eighth and/or Fourteenth Amendments.

**Count 2:** Puxdom, Edwards, Mallory, Halle, Weaver, and Rigdon violated Plaintiff's rights under the Eighth and/or Fourteenth Amendments at Menard by using excessive force against him on June 16, 2017.

**Count 3:** Puxdom, Mallory, Halle, and Weaver violated Plaintiff's rights under the Eighth and/or Fourteenth Amendments and/or PREA by pulling his pants down and penetrating his anus at Menard on June 16, 2017.

**Count 4:** Samuels violated Plaintiff's rights under the Eighth and/or Fourteenth Amendments at Menard by failing to intervene to stop the use of excessive force against him on June 16, 2017.

**Count 5:** Miss R, Pappas, Phelps, and Gardiner violated Plaintiff's rights under the Eighth and/or Fourteenth Amendments by denying him adequate medical care for his assault-related injuries at Menard on June 16, 2017.

**Count 6:** Mallory, Halle, Phelps, and Gardiner violated Plaintiff's rights under the Eighth and/or Fourteenth Amendments by verbally threatening him and attempting to videotape him as he attempted to wash pepper spray from his body in the shower at Menard on June 16, 2017.

**Count 7:** Defendant Hunzicker violated Plaintiff's rights under the Eighth and/or Fourteenth Amendments by using excessive force to place him in a cage and transport him from Menard to Pontiac on June 16, 2017.

**Count 8:** Long violated Plaintiff's rights under the Eighth and/or Fourteenth

5

      Amendments by responding to his suicide attempt by spraying him with pepper spray at Pontiac on or around June 16, 2017.

**Count 9:** Long subjected Plaintiff to unconstitutional conditions of confinement in violation of the Eighth and/or Fourteenth Amendments by placing him in a concrete cell without proper clothing, bedding, or running water at Pontiac on or around June 16, 2017.

**Count 10:** Knauer, Melvin, Simpson, Hanson, Fox, and Ruskins violated Plaintiff's rights under the Eighth and/or Fourteenth Amendments and PREA by denying him adequate medical treatment for his assault-related injuries at Pontiac on or around June 16, 2017.

**Count 11:** Knauer, Melvin, Simpson, Hanson, Fox, and Ruskins violated Plaintiff's rights under the Eighth and/or Fourteenth Amendments and PREA by denying him adequate mental health treatment for his assault-related injuries and suicide attempt at Pontiac on or around June 16, 2017.

**Any other claim that is mentioned in the Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[6]

### Preliminary Dismissals

Plaintiff seeks permission to bring a class action on behalf of unknown plaintiffs ("John Does") who are similarly situated. (Doc. 1, pp. 1, 18). However, Plaintiff Buck is the only plaintiff who signed the Complaint (Doc. 1, p. 19), Motion for Leave to Proceed *in forma pauperis* (Doc. 2, p. 3), and Motion for Recruitment of Counsel (Doc. 3, p. 2). No other individuals were involved in preparing the pleadings or filing this lawsuit. A prisoner bringing a *pro se* action cannot represent a class of plaintiffs. *See Lewis v. Lenc-Smith Mgf. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11. Therefore, Plaintiff's request for class certification will be denied and Co-Plaintiffs John Does will be dismissed from the case without prejudice.

Additionally, Plaintiff mentions certain individuals in his statement of claim but does not identify them as defendants, including Sergeant Lindenberg, Sergeant Jones, MHP Todd Nelson,

---

[6] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

P.A. Ojelade, and Michelin. Therefore, the Court will not treat these individuals as defendants. *See* FED. R. CIV. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (defendant must be "specif[ied] in the caption" to be properly considered a party). Any claims against these and any other non-parties should be considered dismissed without prejudice.

### Severance: Pontiac Claims

Plaintiff's claims are also improperly joined in this action. The claims fall into two distinct groups: (1) claims arising at Menard on June 16, 2017 (Counts 1 through 7) ("Menard claims"); and (2) claims arising at Pontiac on and after June 16, 2017 (Counts 8 through 11) ("Pontiac claims"). They involve different groups of defendants at different prisons and arise from separate transactions or occurrences. Thus, Plaintiff cannot proceed with these claims in the same lawsuit. *See* FED. R. CIV. P. 18, 20(a)(2); *George v. Smith*, 507 F.3d at 607; *Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

The Court has broad discretion under Federal Rule of Civil Procedure 21 when deciding whether to sever claims or to dismiss improperly joined defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). In this case, the Court will exercise its discretion and **SEVER** the Pontiac claims (**Counts 8 through 11**) into a separate action with a newly assigned case number. Further, because the Pontiac claims arose at a facility located in the federal judicial district for the Central District of Illinois, *see* 28 U.S.C. § 93(b), the Court finds that the Central District of Illinois is the appropriate forum for the hearing and determination of Counts 8 through 11 because a substantial part of the events or omissions giving rise to those claims occurred there. 28 U.S.C. § 1391(b). **The Clerk of Court will be directed to transfer the severed case to the Central District of Illinois – Peoria Division for all further action once the new case is opened.**

**28 U.S.C. §§ 1391(b), 1404(a).** The Menard claims (Counts 1 through 7) shall remain in this action and will be screened in a separate order.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's request for class certification is **DENIED**, and Co-Plaintiffs **JOHN DOES** are **DISMISSED** without prejudice from this action.

**IT IS FURTHER ORDERED** that all **PONTIAC CLAIMS**, including **COUNTS 8, 9, 10,** and **11**, are **SEVERED** into a new case against Defendants **LONG, FOX, HANSON, RUSKINS, SIMPSON, MELVIN** and **KNAUER**, which shall be captioned: **WILLIAM BUCK, Plaintiff vs. LIEUTENANT LONG, SABRINA FOX, CHERYL HANSON, EMILY RUSKINS, SHARON SIMPSON, MICHAEL MELVIN, and DEBBIE KNAUER, Defendants**.

In the new case, the Clerk is **DIRECTED** to file the following documents:

1) The Complaint (Doc. 1);
2) Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2);
3) Motion for Recruitment of Counsel (Doc. 3); and
4) This Memorandum and Order Severing Case.

Once the new case is opened, the Clerk is **DIRECTED** to **TRANSFER** it to the United States District Court for the Central District of Illinois for such further proceedings as that court may deem appropriate. No summons shall issue in this action unless so directed by the transferee court.

The Clerk of Court is **DIRECTED** to **TERMINATE** Co-Plaintiffs **JOHN DOES** and Defendants **LONG, FOX, HANSON, RUSKINS, SIMPSON, MELVIN** and **KNAUER** as parties in **CM/ECF** and **ADD** Defendant **MISS R**. in place of **UNKNOWN DEFENDANT** in this action.

8

**IT IS FURTHER ORDERED** that the **only claims remaining in this action** are all **MENARD CLAIMS,** including **COUNTS 1, 2, 3, 4, 5, 6,** and **7,** against Defendants **BALDWIN, PUXDOM, EDWARDS, MALLORY, HALLE, WEAVER, HUNZICKER, RIGDON, SAMUELS, MISS R., PAPPAS, PHELPS,** and **GARDINER**. The Clerk of Court is **DIRECTED** to caption this case: **WILLIAM BUCK, Plaintiff vs. JOHN BALDWIN, C/O PUXDOM, C/O EDWARDS, C/O MALLORY, C/O HALLE, C/O WEAVER, OFFICER HUNZICKER, SERGEANT RIGDON, LT. SAMUELS, MISS. R., MS. PAPPAS, I.A. PHELPS, and I.A. GARDINER, Defendants.**

No service will be ordered on the defendants in either case until the Section 1915A review is completed.

**IT IS SO ORDERED.**

**DATED: 3/11/2019**

                                                  s/ STACI M. YANDLE
                                                  **U.S. District Judge**