# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM BUCK, #R21689, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18−cv–02125−SMY |
| | ) |
| JOHN BALDWIN, | ) |
| SGT. RIGDON, | ) |
| C/O PUXDOM, | ) |
| C/O EDWARDS, | ) |
| C/O MALLORY, | ) |
| C/O HALLE, | ) |
| C/O WEAVER, | ) |
| HUNZICKER, | ) |
| LT. SAMUELS, | ) |
| I.A. GARDINER, | ) |
| I.A. PHELPS, | ) |
| MISS R., and | ) |
| MS. PAPPAS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff William Buck, an inmate who is currently incarcerated at Pontiac Correctional Center ("Pontiac"), brings this action pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Complaint, Plaintiff alleges that he was assaulted by guards at Menard Correctional Center ("Menard") on June 16, 2017 and denied medical treatment for his injuries at Menard and Pontiac Correctional Centers ("Pontiac"). (Doc. 1, pp. 10-19).[1] This case involves only the claims that arose at Menard (Counts 1-7). Plaintiff seeks money damages and injunctive relief against the Illinois Department of Corrections ("IDOC") Director and Menard officials for violations of his rights under the Eighth

---

[1] This Court severed the Pontiac claims into a separate lawsuit on March 11, 2019. (Doc. 6).

1

and Fourteenth Amendments and Prison Rape Elimination Act ("PREA"). (Doc. 1, p. 18).

This case is now before the Court for preliminary review of the Menard claims pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Plaintiff makes the following allegations in the Complaint: Plaintiff was assaulted by Menard officials on June 16, 2017. (Doc. 1, pp. 10-12). As he stood outside of the cage near Menard's West House that day, an armed tower guard noticed a "commotion" and ordered all inmates to "get down." (*Id.*). Plaintiff did not comply with the order. He instead told the guard to shoot him. Plaintiff is seriously mentally ill and suffers from suicidal tendencies when he is not medicated. (Doc. 1, p. 10). He "had not been getting his psych meds" in the days leading up to this incident. (*Id.*).

Correctional Officers Puxdom, Edwards, Mallory, Halle and Weaver threw Plaintiff to the ground, cuffed him behind his back, and began kicking and punching him. Sergeant Rigdon sprayed Plaintiff in the eyes with pepper spray. As officers carried Plaintiff away, Puxdom yelled, "Make sure you get in his ass." (*Id.*). Halle, Mallory, and Weaver then pulled down his pants, and Plaintiff felt something penetrate his anus. At the same time, an officer tried to "pull out his right eye." (*Id.*). Lieutenant Samuels did not intervene or attempt to stop the assault. (Doc. 1, p. 14).

The officers took Plaintiff to Menard's health care unit ("HCU"), where Miss R. and Ms. Pappas denied him medical and mental health treatment. (Doc. 1, p. 11). Mallory and Halle took Plaintiff to the shower, and Officer Phelps tried to videotape him showering as Lieutenant Halle, Sergeant Lindenberg, and Sergeant Jones threatened him. (*Id*.). Before he could wash the pepper spray off his body, Plaintiff was taken in a jumpsuit to meet with Officers Phelps and Gardiner. (Doc. 1, p. 12). They refused to send him for treatment of broken bones in his hands, jaw, and ribs and for "partial" blindness. Plaintiff was instead placed in a cell, where he repeatedly called out for medical and mental health assistance. Officer Hunzicker responded by placing Plaintiff in restraints and forcing him into a "small dog cage" in the back of a van. Hunzicker transported Plaintiff to Pontiac and left him in the HCU, telling staff not to treat him. (Doc. 1, pp. 12-17).

IDOC has a policy or custom of conspicuously labeling certain inmates as "staff assaulters" by issuing them a photo identification card with this label and requiring them to wear black-and-white "stripers." (Doc. 1, pp. 16-17). Plaintiff was falsely labeled as a "staff assaulter" and was targeted for the assault on June 16, 2017. IDOC Director John Baldwin was aware of and condoned the policy. (*Id*.).

## Discussion

The Court previously identified the following seven (7) Menard claims in the Complaint:

**Count 1:** Baldwin created, implemented, or condoned a policy or custom of labeling certain inmates as "staff assaulters" by issuing them special photo identification and requiring them to wear black-and-white "stripers" that endangered their safety, health, and well-being in violation of the Eighth and/or Fourteenth Amendments.

**Count 2:** Puxdom, Edwards, Mallory, Halle, Weaver, and Rigdon violated Plaintiff's rights under the Eighth and/or Fourteenth Amendments at Menard by using excessive force against him on June 16, 2017.

**Count 3:** Puxdom, Mallory, Halle, and Weaver violated Plaintiff's rights under the Eighth Amendment, Fourteenth Amendment, and/or PREA at Menard by

3

|   |   |
|---|---|
| | pulling his pants down and penetrating his anus on June 16, 2017. |
| **Count 4:** | Samuels violated Plaintiff's rights under the Eighth and/or Fourteenth Amendments at Menard by failing to intervene and take steps to stop the use of excessive force against him on June 16, 2017. |
| **Count 5:** | Miss R., Pappas, Phelps, and Gardiner denied Plaintiff adequate medical care for the injuries he sustained in the prison guard assault at Menard on June 16, 2017. |
| **Count 6:** | Mallory, Halle, Phelps, and Gardiner violated Plaintiff's rights under the Eighth and/or Fourteenth Amendments by verbally threatening him and attempting to videotape him as he tried to wash pepper spray from his body in the shower at Menard on June 16, 2017. |
| **Count 7:** | Defendant Hunzicker violated Plaintiff's rights under the Eighth Amendment by using excessive force against him during his transport to Pontiac on June 16, 2017. |

**Any other claim that is mentioned in the Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

### Claims Subject to Further Review: Counts 2, 3, 4, 5, and 7

Counts 2, 3, 4, 5, and 7 survive screening under 28 U.S.C. § 1915A and will receive further review against each individual named in connection with these claims, subject to the limitations set forth herein. These claims shall proceed under the Eighth Amendment, rather than the Fourteenth Amendment. The Supreme Court has made the Eighth Amendment applicable to the states by interpretation of the Fourteenth Amendment Due Process Clause. *McKinley v. Butler*, 809 F.3d 908 (7th Cir. 2016). The Eighth Amendment prohibits the cruel and unusual punishment of incarcerated persons. U.S. CONST., amend. VIII.

With respect to Counts 2, 3, and 7, the intentional use of excessive force against an inmate without penological justification constitutes cruel and unusual punishment in violation of the

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Eighth Amendment. *Wilkins v. Gaddy*, 559 U.S. 34 (2010). With regard to Count 4, prison officials who fail to protect an inmate from a specific, impending, and substantial threat to his safety may also violate the Eighth Amendment. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). Finally, as for Count 5, deliberate indifference to an inmate's serious medical needs may likewise violate the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). These claims survive screening under the Eighth Amendment, but the Fourteenth Amendment portion of each claim will be dismissed with prejudice.

However, the PREA claim does not survive screening. Courts considering the issue have found that PREA does not support a private cause of action. *See Truly v. Moore*, No. 16-cv-00783-NJR, 2017 WL 661507 (S.D. Ill. 2017) (collecting cases and dismissing PREA claim brought under circumstances similar to those described in Plaintiff's Complaint). The PREA claim will also be dismissed with prejudice from this action.

In summary, the following Eighth Amendment claims survive screening: Count 2 against Puxdom, Edwards, Mallory, Halle, Weaver, and Rigdon; Count 3 against Puxdom, Mallory, Halle, and Weaver; Count 4 against Samuels; Count 5 against Miss R., Pappas, Phelps, and Gardiner; and Count 7 against Hunzicker.

**Claims Subject to Dismissal: Counts 1 and 6**

The allegations relative to Count 1 support no constitutional claim against IDOC Director Baldwin for the policy of labeling "staff assaulters." Inmates have no Fourteenth Amendment interest in "life, liberty, or property" in connection with their classification. *See Ollie v. IDOC*, No. 15-cv-1313-SMY, 2016 WL 51406, at *5 (S.D. Ill. 2016) (dismissing with prejudice prisoner's challenge to the "staff assaulter" classification). *See also DeTomaso v. McGinnis*, 970 F.2d 211,

212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (due process protections are not implicated by prisoner classification); *Solomon v. Benson*, 563 F.2d 339, 342 (7th Cir. 1977) (prisoner "does not possess sufficient statutory or constitutional entitlement in his classification or eligibility for institutional programs to trigger due process protection"). Moreover, the allegations do not suggest that the policy caused Plaintiff's assault on June 17, 2016. Plaintiff admittedly refused to "get down" when ordered by an armed guard to do so and instead told the guard to shoot him. (Doc. 1, pp. 10-12). He does not explain how the "staff assaulter" label played any role in the alleged deprivation of his Eighth Amendment rights during or after this incident. Therefore, Count 1 will be dismissed without prejudice for failure to state a claim, along with Plaintiff's related request for injunctive relief prohibiting the enforcement of this policy.

Count 6 will also be dismissed without prejudice. Plaintiff describes verbal threats and "attempted" videotaping by Menard officials in the shower on June 17, 2016. However, verbal harassment and attempted videotaping, without more, do not support a constitutional claim. *Beal v. Foster*, 803 F.3d 356, 357-58 (7th Cir. 2015) (pain can be physical or psychological) (citing *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Accordingly, Count 6 will be dismissed without prejudice for failure to state a claim.

### Identification of "Miss R."

Count 5 survives screening against an unknown individual who is referred to as "Miss R." However, this defendant must be identified with particularity before service of the Complaint can be made on her. Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of "Miss R." *Rodriguez*, 577 F.3d at 832. The current warden will be added as a defendant and will be responsible for responding to discovery aimed at identifying her. Guidelines for

6

discovery will be set by the United States Magistrate Judge. Once the name of Defendant "Miss R." is discovered, Plaintiff must file a motion to substitute the newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

**Pending Motion**

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**. A district court faced with a request for counsel must consider whether the indigent plaintiff made a reasonable attempt to obtain counsel and, if so, whether the plaintiff appears competent to litigate the case himself. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff describes letters he sent to attorneys seeking representation and states that he received no responses. (Doc. 3, p. 1). However, he did not provide the Court with any letters or responses. Without more information, the Court cannot conclude that his efforts were reasonable. Plaintiff also describes several impediments to self-representation, including a grade school education and mental illness. Even so, the Court cannot find that Plaintiff is unable to litigate this matter *pro se*, given his demonstrated ability to prepare and file coherent pleadings in this case. The Court notes these impediments but finds no reason to recruit counsel to represent Plaintiff at this time.

**Disposition**

The Clerk is **DIRECTED** to **ADD** the **WARDEN OF MENARD CORRECTIONAL CENTER (official capacity only)** and **TERMINATE** IDOC Director **JOHN BALDWIN** as Defendants in CM/ECF. The Warden must promptly respond to any discovery aimed at identifying "Miss R." with particularity.

**IT IS HEREBY ORDERED** that **COUNTS 1** and **6** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. This includes Plaintiff's related request for an injunction banning the "staff assaulter" policy or custom.

7

**IT IS FURTHER ORDERED** that the Eighth Amendment component of **COUNTS 2, 3, 4, 5,** and **7** survive screening against the following defendants:

- **COUNT 2** against Defendants **PUXDOM, EDWARDS, MALLORY, HALLE, WEAVER,** and **RIGDON**;

- **COUNT 3** against Defendant **PUXDOM, MALLORY, HALLE,** and **WEAVER**;

- **COUNT 4** against Defendant **SAMUELS**;

- **COUNT 5** against Defendants **"MISS R.," PAPPAS, PHELPS,** and **GARDINER**; and

- **COUNT 7** against Defendant **HUNZICKER**;

These claims are **DISMISSED** without prejudice against all other defendants for failure to state a claim for relief against them.

**IT IS ALSO ORDERED** that the Fourteenth Amendment and Prison Rape Elimination Act components of **COUNTS 2, 3, 4, 5,** and **7** are **DISMISSED** with prejudice for failure to state a claim.

As to **COUNTS 2, 3, 4, 5,** and **7**, the Clerk of Court shall prepare for Defendants **PUXDOM, EDWARDS, MALLORY, HALLE, WEAVER, RIGDON, SAMUELS, PAPPAS, PHELPS, GARDINER, HUNZICKER,** and **"MISS R."** (once identified): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, Complaint, Memorandum and Order Severing Case, and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If any Defendants fail to sign and return the Waiver of Service of Summons to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendant "**MISS R.**" until Plaintiff has identified her by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his *in forma pauperis* motion was granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

**IT IS SO ORDERED.**

**DATED: 3/11/2019**

s/ STACI M. YANDLE
**U.S. District Judge**

**<u>Notice to Plaintiff</u>**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**