UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM BUCK, R21689,<br><br>    Plaintiff,<br><br>v.<br><br>SGT. RIGDON,<br>C/O PURDOM,<br>C/O EDWARDS,<br>C/O MALLORY,<br>C/O HOLLE,<br>C/O WEAVER, HUNZIKER, LT.<br>SAMUELS, LT. GARDINER, I.A. PHELPS,<br>REGELSBERGER, PAPPAS,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) No.:18-cv-2125-DWD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **PLAINTIFF'S UNOPPOSED MOTION TO REOPEN DISCOVERY**

Plaintiff William Buck ("Plaintiff") moves to reopen discovery for certain limited purposes described below.:

### **INTRODUCTION**

1. When the Court assigns new counsel after discovery closes and the existing discovery is inadequate, reopening discovery is appropriate. *E.g.*, *Vinning-El v. Evans*, No. 05-cv-570-DRH, 2012 WL 13186040, *1-2 (S.D. Ill. Jun. 19, 2012). That is the case here.

2. The Court recently assigned new counsel to represent Plaintiff after discovery closed. Plaintiff, who had proceeded *pro se* while incarcerated, issued limited written discovery and has not requested relevant camera footage, or deposed any witnesses, including Defendants. Accordingly, Plaintiff's new counsel respectfully requests that the Court reopen discovery to

751911127

permit Plaintiff's counsel to inquire into the existence of camera footage of the incident at issue, request such footage, depose Defendants Matthew Purdom, James Rigdon and James Mallory ("State Defendants"), and pursue other limited but necessary discovery that may be sought as investigation into the incident and possible witnesses continues.

3. On January 11, 2023, Plaintiff sent counsel for the State Defendants a letter requesting the State's position on this motion. On January 19, 2023, counsel for the State Defendants responded that the State takes no position as to this motion. Counsel for Defendant Regelsberger has taken no position on this motion.

## BACKGROUND

4. Plaintiff instituted this action *pro se* on November 28, 2018, pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while at Menard Correctional Center ("Menard"). Plaintiff's Complaint alleges that on June 16, 2017, Defendants Rigdon, Purdom, Edwards, Mallory, Holle, and Weaver used excessive force against Plaintiff, who was severely mentally ill. Defendants Purdom, Holle, Mallory, and Weaver then sexually assaulted him. After the use of excessive force and subsequent sexual assault, Defendants Gardiner and Phelps failed to get him medical care, and Defendant Regelsberger denied him medical or mental health care. (Doc. 170)

5. Plaintiff proceeded with his case *pro se*, and discovery closed on December 6, 2021. (Doc. 133)

751911127

6. On July 25, 2022, the Court granted summary judgment as to Defendants Hunziker, Samuels, and Pappas, but denied summary judgment for several claims against Defendants Rigdon, Purdom, Edwards, Mallory, Holle, Weaver, Gardiner, Phelps and Regelsberger. (Doc. 17)

7. Following its summary judgment order, on November 16, 2022, the Court appointed counsel Daniel T. Fenske from Mayer Brown LLP to represent Plaintiff. (Doc. 184).

8. The undersigned has reviewed the pleadings and motions on the Court's electronic civil docket, as well as certain discovery that Defendant Regelsberger's counsel provided. Defendants have only answered very limited written discovery that does not address the primary issues in this case. Plaintiff has not requested nor obtained relevant video footage of the incident at issue and has not deposed any of the defendants. The only deposition taken in the case was Plaintiff's.

9. On August 31, 2022, the Court granted Defendants' Motion for a Protective Order in part, writing that "[r]ather than call for material specific to his case, such as camera images from a certain location if available, Plaintiff just generically calls for information about IDOC's video surveillance capacity at Menard." (Doc. 171)

10. Trial is currently set for May 22, 2023. (Doc. 174)

## APPLICABLE LAW

11. A discovery deadline schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

12. When evaluating good cause, the Court considers whether the party seeking discovery had "ample opportunity to obtain the information before discovery closed and whether

3

751911127

the burden of the proposed discovery outweighs the benefit." *See Painters v. Illinois Department of Transportation*, 2015 WL5058508, at 2* (*citing Winters v. Fru–Con Inc*., 498 F.3d 734, 734 (7th Cir. 2007)).

13. Good cause focuses on the diligence of the party seeking the extension. That party must show that despite its diligence, the timetable could not reasonably have been met. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011); *Smith v. Howe Military Sck*, No. 3, 1997 U.S. Dist. LEXIS 16787 (N.D. Ind. Oct. 20, 1997); *MAO-MSO Recovery II, LLC v. State Farm Mutual Automobile Insurance Company*, 994 F.3d 869, 878 (7th Cir. 2021); *Trustmark Insurance Company v. General & Cologne Life Reinsurance of America*, 424 F.3d 542, 553 (7th Cir. 2005).

14. When the Court recruits new counsel for an incarcerated plaintiff and existing discovery is inadequate, reopening discovery is appropriate:

> Plaintiff's previous *pro se* status and current incarceration have indisputably hampered his ability to conduct necessary and relevant discovery. Thus, due to the inadequancies of the existing discovery and plaintiff's recent retention of counsel, the Court **GRANTS** plaintiff's motion to continue trial and reopen discovery . . .

*Vinning-El*, 2012 WL 13186040, at *2; *see also, e.g.*, *Davis v. Nanny*, No. 3:13-cv-1260, 2018 WL 656597, at *1 (S.D. Ill. Feb. 1, 2018) (noting that the Court reopened discovery for an incarcerated plaintiff shortly after new counsel was appointed); *cf. Sharder v. Palos Anesthesia Assocs., S.C.*, No. 01 C 2450, 2002 WL 31207327, at *2 (N.D. Ill. Oct. 2, 2002) (permitting new attorneys to reopen discovery, issue new written discovery, and take depositions because of, among other things, the "deficiencies in the work of [plaintiff's] previous counsel").

15. Video footage, especially in the prison context, can be crucial to the resolution of a case, further justifying the reopening of discovery when such evidence is sought. *See James v.*

4

*Cartwright*, 659 Fed.Appx. 888, 890 (7th Cir. 2016) (granting a prisoner's motion to reopen discovery to depose defendants regarding location of a video recording when it became clear that important video footage was missing).

## ARGUMENT

16. Due to his *pro se* status, current incarceration, and serious mental health issues, Plaintiff has conducted very limited discovery, has not requested crucial camera footage and has not deposed any witness, including Defendant. *See Thomson v. Jones*, 102 F.R.D 619, 622 (N.D. Ill. 1984) (allowing a prisoner to depose witnesses after the discovery deadline). Consequently, the existing discovery is inadequate. Plaintiff recently obtained counsel a year after the close of discovery. (Doc. 184). Thus, Plaintiff did not have "ample opportunity" to obtain meaningful discovery and reopening discovery is appropriate. *Painters,* 2015 WL5058508, at 2*.

17. Plaintiff's diligence was not the issue in this case as he was acting *pro se* while incarcerated and was recently appointed counsel approximately two months ago. Plaintiff's current counsel, Daniel T. Fenske, notified the Court of the Plaintiff's intent to seek additional discovery at the first status hearing after being appointed. *Alioto*, 651 F.3d 715 at 720. (Doc. 190)

18. Plaintiff's limited request for the depositions of three defendants and for limited but vital camera footage, does not present a significant burden as compared to the importance of the information such limited discovery could disclose. *Painters,* 2015 WL5058508, at 2* Indeed, State Defendants do not oppose this motion.

5

751911127

19. Plaintiff is amenable to only counsel having access to camera footage which should alleviate the State and the Court's security concerns and will work with the Defendants to negotiate an appropriate confidentiality order.

20. Permitting Plaintiff's newly-recruited counsel to take discovery and further investigate Plaintiff's claims will also help meet the Court's goal of ensuring that pre-trial settlement conferences run more efficiently and justly.

21. Accordingly, Plaintiff respectfully requests that the Court enter an order reopening discovery and permitting Plaintiff to inquire into the existence of camera footage of the incident at issue, request such footage, depose three Defendants, and seek other discovery that may be necessary as investigation into the incident and possible witnesses continues.

## CONCLUSION

WHEREFORE Plaintiff hereby moves this Court to reopen discovery to allow his counsel the opportunity to take any further discovery that he deems appropriate and for all additional or further relief the Court deems just and proper under the circumstances.

Dated: February 1, 2023                                     Respectfully submitted,

By: */s/ Daniel T. Fenske*
    Daniel T. Fenske
    Daniel Rottenberg
    Sofia Orelo
    MAYER BROWN LLP
    71 South Wacker Drive
    Chicago, IL 60606-7507
    Telephone: +1 312 701 8926
    Dfenske@mayerbrown.com
    Drottenberg@mayerbrown.com
    Sorelo@mayerbrown.com

*Counsel for Plaintiff*

7

751911127

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2023 I caused a copy of the foregoing document to be served upon the following attorneys of record by filing said document with the CM/ECF system, which will automatically send electronic notification to all counsel of record.

*/s/ Daniel Fenske*
Daniel Fenske

751911127