IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM BUCK, R21689, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-2125-DWD |
| ) | |
| SGT. RIGDON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER REOPENING DISCOVERY

**DUGAN, District Judge:**

Now before the Court is Plaintiff's Motion to Reopen Discovery (Doc. 196). For the reasons detailed below, this Motion will be granted.

In this matter, Plaintiff brings constitutional claims against Defendants related to the events on June 16, 2017, including claims for excessive force, sexual assault, and inadequate medical care. On July 25, 2022, the Court denied, in part, Defendants' Motion for Summary Judgment (Doc. 170). As discussed in that order, the following claims remain:

Claim 2 as to Purdom Rigdon, Edwards, Holle, Mallory, Weaver;

Claim 3 as to Holle, Mallory, and Weaver; and

Claim 5 as to Gardiner, Phelps, and Regelsberger

(Doc. 170).

On November 16, 2022, and after discovery had closed, the Court appointed Attorney Fenske to represent Plaintiff (Doc. 184). On December 13, 2022, the Court

1

referred this matter to a settlement conference (Doc. 190).  That settlement conference has not yet occurred due to various delays and because Plaintiff failed to participate (*See* Docs. 195, 201, 204, 211).  Plaintiff's counsel further represents that Plaintiff's health has been rapidly declining since he began a hunger strike in February 2023.  Thus, Plaintiff's counsel asks that instead of participating in a settlement conference at this time, that the Court resolve his pending motion to reopen discovery so the case will be ready for trial when Plaintiff is physically able to participate in a trial (Doc. 211).

By Plaintiff's Motion to Reopen Discovery, counsel seeks to "inquire into the existence of camera footage of the incident at issue, request such footage, depose three Defendants, and seek other discovery that may be necessary as investigation into the incident and possible witnesses continues." (Doc. 196).  Plaintiff's counsel also indicates that Plaintiff is amenable to only allowing counsel to have access to any camera footage relevant to his discovery requests, and represents that Plaintiff will work with Defendants to negotiate an appropriate confidentiality order if needed.  The Motion further states that Defendants do not object to this request (Doc. 196).

The Court has broad discretion to "reopen discovery as part of its power to control its docket and promote fair outcomes in a case."  See *Vinning-El v. Evans*, No. 05-CV-570-DRH, 2012 WL 13186040, at *2 (S.D. Ill. June 19, 2012) (citing *Patton v. MFS/Sun Life Fin. Distributors, Inc.*, 480 F.3d 478 (7th Cir. 2007)).  Based on the representations in Plaintiff's Motion, and for good cause shown, Plaintiff's Motion to Reopen Discovery (Doc. 196) is **GRANTED**.  Plaintiff is granted leave to conduct the limited discovery discussed in his Motion, including inquiring into the existence of camera footage of the incident at issue

and taking the depositions of Defendants Purdom, Ridgon, and Mallory. Plaintiff may further pursue other limited, but necessary, discovery related to this limited investigation and the depositions of these witnesses. All discovery shall be completed by **November 13, 2023**. The parties are further granted leave to move for the entry of an appropriate confidentiality order should such an order become necessary.

**SO ORDERED.**

Dated: August 14, 2023

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge