IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WILLIAM BUCK, #R21689,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-cv-02125-DWD |
| | ) | |
| **SGT. RIGDON,** | ) | |
| **C/O PUXDOM,** | ) | |
| **C/O EDWARDS,** | ) | |
| **C/O MALLORY,** | ) | |
| **C/O HALLE,** | ) | |
| **C/O WEAVER,** | ) | |
| **HUNZICKER,** | ) | |
| **LT. SAMUELS,** | ) | |
| **I.A. GARDINER,** | ) | |
| **I.A. PHELPS,** | ) | |
| **MS. PAPPAS,** | ) | |
| **MISS R., and** | ) | |
| **WARDEN MENARD** | ) | |
| **CORRECTIONAL CENTER,** | ) | |
| | ) | |
| Defendants. | ) | |

**AGREED PROTECTIVE ORDER**

**DUGAN, District Judge:**

By Motion dated September 28, 2023, Defendant, Chelsea Regelsperger, seeks the entry of a Protective Order relative to certain internal records of non-party Wexford Health Sources, Inc. ("Wexford") (Doc. 216). Defendant Regelsperger represents that a Protective Order is necessary and appropriate pursuant to the terms of Rule 26(c) of the Federal Rules of Civil Procedure to protect the proprietary nature of the documents sought and to maintain individual Defendant's security. Counsel for Plaintiff and the remaining Defendants have no objection to this request (Doc. 216, ¶ 6). Accordingly, and

1

upon review of the Motion and the proposed agreed order, and for good cause shown, Defendant's Motion (Doc. 216) is **GRANTED**. Pursuant to Federal Rule of Civil Procedure 26, the Court hereby enters the following protective order as agreed to by the parties and **ORDERS** as follows:

1. Portions of Wexford's policies, procedures, and internal documents contain highly sensitive and proprietary business information that could be very valuable to Wexford's competitors if publicly released. Said copies produced in this action shall be stamped with the phrase "Confidential and Subject to Protective Order" (the "Protected Documents"), stamped with the case number, with confidential and proprietary information redacted (unless otherwise agreed in writing by the parties), and shall be protected and given confidential treatment as described in this Order.

2. Defendant must provide Plaintiff's counsel with copies of such Protected Documents, but Plaintiff's counsel must comply with all other provisions herein. Plaintiff's counsel may discuss the content of the documents with Plaintiff but may not provide Plaintiff with copies of the documents.

3. These Protected Documents shall be maintained in confidence by counsel and shall not be disclosed to any person except:

    a. This Court and its officers;

    b. Stenographic reporters;

    c. Counsel for Defendants;

    d. Employees of counsel;

    e. The parties;

      f.     Any future Defendant;

      g.     Witnesses deposed and prospective trial witnesses, to the extent the Protected Documents may reasonably be believed to relate to their testimony;

      h.     Wexford Health Sources, Inc. Risk Management and other related employees;

      i.     Claim representative(s) at the insurance company that provides insurance for Defendant(s), to the extent the Protected Documents are necessary to make a determination on settlement or legal strategy;

      j.     Experts retained in this litigation; and

      k.     Other persons agreed to by the parties or permitted by order of this Court upon motion.

4.     Except as otherwise provided by this Order or by further order of the Court, the Protected Documents shall be used for no purpose other than prosecuting or defending the above-captioned proceeding and shall be disclosed in the manner provided in and only to the persons identified in Paragraphs 2 and 3, and they shall not be used in any other civil case, criminal case, litigation, or matter.

5.     Individuals or entities permitted access to Protected Documents pursuant to Paragraph 3 above are hereby ordered not to show, convey or reproduce any information or document so designated, or parts thereof, or copies thereof, or any matter contained therein, or any abstracts or summaries thereof, to any individual or to any

entity who would not otherwise have access to said material under the provisions of this order, unless they secure the written consent of the designating party or obtain permission from this Court, upon motion and with notice to all parties.

6. Any party may apply to the Court for relief from, or modification of, this Order.

7. After the production of Protected Documents, counsel for the Plaintiff may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to reach an agreement as to the designation of the document, the parties are entitled to request that the Court determine whether the document is properly designated as Confidential.

8. This Order is without prejudice to the rights of any party to object to the production of documents or information that it considers to be privileged, irrelevant or immaterial, and shall not be considered a waiver of any applicable privilege or immunity from discovery or as a concession by the designated party that such information is relevant or material to any issue.

9. This Order shall not prevent any of the Protected Documents from being used by the Court or counsel of record at any trial or other proceeding in this action only, subject to such confidentiality provisions as the parties may agree in to in writing or as the Court may then prescribe.

10. Following the termination of this litigation, whether by final judgment and appeal or by settlement, the parties shall destroy or return the Protected Documents. The

Office of the Illinois Attorney General may retain the Protected Documents for the applicable retention period pursuant to Illinois statutory requirements.

11.     This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled, vacated, or otherwise modified by order of this Court.  Anyone with knowledge of the contents of this order shall be bound by its terms.

12.     The parties may agree to the filing of any Protected Document in this proceeding upon such conditions that the parties may agree to in writing, including (but not limited to) the redaction, omission, or other form of protection of such confidential material from any filed documents and without the necessity of having to file a motion to seal or seek prior court approval for the filing of such document.  In the event that the parties agree to the method of filing a Protected Document while redacting, omitting, or otherwise protecting any confidential material, the filing party shall also file a notice (a) identifying the Protected Document(s) filed in the proceeding, and (b) identifying and describing the agreed upon method of redacting, omitting, or otherwise protecting any confidential material; *provided, however*, that the parties must make the unaltered, original version of any such Protected Document(s) available to the Court upon request.

13.     In the event that the parties are unable to reach agreement as to a method of public filing for a Protected Document pursuant to paragraph 12 herein, and/or any party wishes to file a document or information under seal, that party must first file a motion in advance seeking to file the document[s] or information under seal (with the limited exception of information covered by Local Rule 5.1(d)). When filing the motion

to seal, the party will contemporaneously submit the document[s] or information in question to the Court for *in camera* review. The Court will then make an individualized determination of whether any such document[s] or information can be filed under seal. *See Citizens First National Bank v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999); *Baxter Int., Inc. v. Abbot Labs*. 297 F.3d 544 (7th Cir. 2002); *Bond v. Utreras*, 585 F.3d 1061, 1073-76 (7th Cir. 2009). Any document or information filed under seal without prior Court approval will be unsealed and become part of the public record.

**14.** **The Court shall not be bound by the terms of this Order, and it retains the right to allow the disclosure of any subject covered by this Order or to modify this Order at any time as may be necessary in the interests of justice.**

**SO ORDERED.**

Dated: October 2, 2023

/s/ David W. Dugan
DAVID W. DUGAN
United States District Judge