IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM BUCK, R21689,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-2125-DWD |
| | ) |
| **SGT. RIGDON,** *et al*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Plaintiff's Motion for Reconsideration (Doc. 275). Defendants Edwards, Gardiner, Holle, Mallory, Phelps, Purdom, Rigdon, and Weaver ("IDOC Defendants") filed their Response in Opposition (Doc. 275), to which Defendant Chelsea Regelsperger filed a Motion for Joinder (Doc. 279). For the reasons explained below, the Motion for Reconsideration (Doc. 275) is **DENIED**.

## BACKGROUND

Plaintiff William Buck, an inmate of the Illinois Department of Corrections (IDOC), currently incarcerated at Pontiac Correctional Center ("Pontiac"), brought this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while at Menard Correctional Center ("Menard"). More specifically, Plaintiff claims that Defendants Purdom, Edwards, Mallory, Holle, Weaver, and Ridgon attacked him without provocation during a mental health crisis on June 16, 2017 at Menard. (Doc. 170, pp. 2-13). However, in 2021 the Plaintiff was convicted in Randolph County, Illinois for aggravated battery for assaulting Defendant Purdom on the same day but prior to the

1

alleged attack upon Plaintiff by those Defendants. In the Court's Order granting summary judgment, it discussed at length the implications of Plaintiff's claim and conviction in light of *Heck v. Humphrey*, 512 U.S. 477 (1994), and concluded that "Plaintiff's arguments about contact by the defendants while effectuating his restraint will not be allowed under *Heck*" (Doc. 170, p. 12.)

Now, Plaintiff requests this Court reconsider that ruling because of a pending motion he filed in his Randolph County case where he asks that the judge there reconsider the sentence imposed. Plaintiff claims that the pending motion renders his criminal case ongoing, such that there is no final judgment to trigger the *Heck* bar of his claim that defendants attacked him without provocation.

## DISCUSSION

At the outset, it is worthwhile to mention that the Federal Rules of Civil Procedure do not expressly recognize motions to reconsider. Rule 54(b) allows district courts to revisit "any order or other decision . . . that adjudicates fewer than all the claims" in an action and to revise it at any point before the entry of judgment as justice requires. Fed. R. Civ. Proc. 54(b); *see also Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge."). Motions to reconsider interlocutory orders under this rule "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (internal quotations and citations omitted). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard,

2

misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations and citation omitted). Because the standards for reconsideration are exacting, the Seventh Circuit has stressed that appropriate issues for reconsideration "rarely arise." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (internal quotations and citation omitted). Though Plaintiff does not explicitly state the basis for his motion, the Summary Judgment Order (Doc. 170) falls within the reach of Rule 54(b) and the Court will consider it accordingly.

*Heck* bars a plaintiff in an action under 42 U.S.C. § 1983 from pursuing "a claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon." *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2008); *see also Heck*, 512 U.S. at 486-87 (To proceed with a claim "that would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.").

Plaintiff contends that although "*Heck* prevents a litigant from contradicting a valid judgment," the pending motion to reconsider his sentence in Illinois court renders his judgment of conviction non-final (Doc. 275, p. 6). *See Gilbert*, 512 F.3d at 901. Plaintiff argues that in Illinois, criminal proceedings are considered ongoing until after the court resolves post-judgment motions, and therefore a conviction is not appealable until after all post-judgment motions have been resolved (Doc. 275, p. 6). According to Plaintiff,

3

"[u]ntil the trial court judgment is final and appealable . . . there is nothing to be overturned by a court of review or in collateral proceedings and therefore is no final judgment to trigger the *Heck* bar." (Doc. 275, P. 5)

To support this interpretation of *Heck*, Plaintiff relies upon a Second Circuit case, *Stegemann v. Rensselaer Cnty. Sheriff's Off.*, 648 F. App'x 73 (2d Cir. 2016).[1] In *Stegemann*, the Second Circuit concluded that "in the context of *Heck*, conviction refers to the judgment rather than the verdict." *Id.* at 76. However, Plaintiff's application of the teachings of *Stegemann* is misplaced. *Stegemann* applied *Heck* to a case where a guilty verdict was reached, but the sentence and judgment of conviction were not yet imposed. *Id.* at 77 ("Until sentencing occurs and a final judgment of conviction is entered, it remains possible that the verdict will not ripen into a judgment of conviction. It therefore makes little sense to decide that the claim is *Heck*-barred."). Unlike *Stegemann*, there was a final judgment of conviction in Plaintiff's Randolph County case. Plaintiff was sentenced in Illinois state court on November 23, 2021, and judgment was entered that same day (Doc. 275, Exh. B, p. 2). Therefore, even if the Court was inclined to follow the Second Circuit's interpretation of *Heck*, the factual basis for its reasoning does not exist in this case.

---

[1] Plaintiff cites two other cases for this argument: *Robinson v. Pilgram*, No. 20-CV-2965 (GMH), 2021 WL 5987016, *7 n.10 (D.D.C. Dec. 17, 2021), aff'd, No. 22-5001, 2022 WL 3009621 (D.C. Cir. July 28, 2022) and *Wilson v. Flanders*, No. 323CV00263DNHTWD, 2023 WL 5018490, *6 n.7 (N.D.N.Y. July 6, 2023), report and recommendation adopted, No. 3:23-CV-263, 2023 WL 4740146 (N.D.N.Y. July 25, 2023). However, these cases have little persuasive value, as they are unpublished district court cases from other circuits that rely upon *Stegemann* for their reasoning. Additionally, each case discusses *Heck* in dicta as a brief aside in a footnote.

Plaintiff also relies on *Minson v. Vill. of Hopedale*, 102 F. App'x 42, 45 (7th Cir. 2004) but the findings in that case do not presently help him here.[2] In *Minson*, the Seventh Circuit found that Plaintiff's claims of an illegal search and improper arrest would "necessarily undermine the validity of her conviction, and [we]re therefore barred until she succeeds in having that conviction overturned." *Minson v. Vill. of Hopedale*, 102 F. App'x 42, 45 (7th Cir. 2004) (citing *Heck*, 512 U.S. at 486-87); see also *Case v. Milewski*, 327 F.3d 564, 568-69 (7th Cir. 2003) ("Thus, because [the plaintiff]'s resisting arrest conviction has not been called into question, *Heck* bars [the plaintiff]'s Fourth Amendment claim.").

Plaintiff has failed to demonstrate that the pending motion to reconsider his sentence presently "invalidates" his conviction such that *Heck* no longer bars his claim. *See Edwards v. Balisok*, 520 U.S. 642, 643 (1997) (explaining that *Heck* bars claims which necessarily imply the invalidity of the plaintiff's conviction or sentence "unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated."). And, lethal to his motion is that Plaintiff does not point to manifest errors of law or fact in need of correction nor does he present newly discovered evidence. Moreover, removing a *Heck* bar simply because Plaintiff filed a motion to reconsider his sentence undermines the purpose of the favorable termination requirement to address "[c]oncerns about comity, finality, conflicting judgments, and 'the hoary principle that

---

[2] Plaintiff misstates *Minson* as holding that "*Heck* required the judgment to be overturned in order for the plaintiff to maintain a cause of action." (Doc. 275, p. 5). *Minson* has two holdings, and Plaintiff seems to mistakenly conflate the two. The first holding is that the state trial court's judgment was not "final" because the defendant had not yet exhausted her appellate remedies such that the district court should not have given the judgment preclusive effect in her § 1983 suit. *Minson*, 102 F. App'x at 44-45. However, separately, the Seventh Circuit held that her claims of an illegal search and improper seizure were *Heck*-barred because they would necessarily call into question that same conviction. *Id.* at 45.

civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Savory v. Cannon*, 947 F.3d 409, 431 (7th Cir. 2020) (quoting *Heck*, 512 U.S. at 486); *accord McDonough v. Smith*, 588 U.S. 109, 117-18, 139 S. Ct. 2149, 2156, 204 L. Ed. 2d 506 (2019). Therefore, the Court is not persuaded to reconsider its previous holding that arguments about any contact by the defendants while effectuating his restraint are *Heck*-barred (Doc. 170, p. 12). Unless and until Plaintiff's final judgment of conviction or sentence has been favorably terminated, *Heck* bars any claim necessarily implying its invalidity.

**CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Reconsideration (Doc. 275) is **DENIED**. Defendant Regelsperger's Request for Joinder (Doc. 279) is also **TERMINATED AS MOOT.**

SO ORDERED.

Dated: June 17, 2024

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge