## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WILLIAM BUCK, R21689,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 18-cv-2125-DWD** |
| | ) | |
| **SGT. RIGDON,** *et al*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter is before the Court on Plaintiff's Motions *in Limine* (Doc. 274), Defendants Edwards, Gardiner, Holle, Mallory, Phelps, Purdom, Rigdon, and Weaver's ("IDOC Defendants") Motions *in Limine* (Doc. 273), and Defendant Chelsea Regelsperger's Motions *in Limine* (Doc. 268).

On motions *in limine*, the movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). The court may deny a motion *in limine* when it "lacks the necessary specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Moreover, the court may alter an *in limine* ruling based on developments at trial or sound judicial discretion. *Luce v. United States*, 469 U.S. 38, 41, (1984). "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp.1398, 1401 (N.D. Ill.

1

1993). Denial only means that the court cannot decide admissibility outside the context of trial. *Plair*, 864 F. Supp. at 69. A court may reserve judgment until trial, so that the motion *in limine* is placed "in an appropriate factual context." *Nat'l Union*, 937 F. Supp. at 287. Stated another way, motion *in limine* rulings are "subject to change when the case unfolds" at trial. *Luce*, 469 U.S. at 41.

At the outset, the Parties are **ORDERED** to ensure their client(s) and witnesses are aware of and understand the following orders on the Motions *in limine*.

With these principles in mind, the Court rules as follows.

**Plaintiff's Motions *in Limine*:**

Plaintiff's Motion *in limine* No. 1 seeks to exclude testimony, evidence, argument, or reference to Plaintiff's criminal history of arrests and convictions. Defendants have responded, stating they do not object to the exclusion of Plaintiff's arrest history or convictions older than 10 years, but that evidence of his 2017 conviction for aggravated battery of Defendant Purdom is relevant impeachment evidence. The Motion is **GRANTED IN PART** and **DENIED IN PART**. Evidence of Plaintiff's arrest history and crimes, for which more than 10 years have passed since the conviction or release of confinement, shall be excluded without objection in accordance with Federal Rule of Evidence ("FRE") 404(b) and FRE 609(b). However, FRE 609(a) presumptively allows submission of evidence of felonies (subject to the limits of FRE 403). Accordingly, the fact of Plaintiff's 2017 conviction for aggravated battery of Defendant Purdom is admissible as relevant to his credibility.

Plaintiff's Motion *in limine* No. 2 seeks to exclude testimony, evidence, argument, or reference to Plaintiff's prior prison disciplinary record. The Motion is **GRANTED IN PART** and **DENIED IN PART**. Defendants have stated they do not object except for evidence related to Plaintiff's aggravated battery of Defendant Purdom on June 16, 2017. Accordingly, evidence of Plaintiff's disciplinary record related to his aggravated battery of Defendant Purdom is relevant to his credibility and admissible. FRE 401. All other evidence of Plaintiff's prior prison disciplinary record shall be excluded as not relevant and improper character evidence. FRE 401; FRE 402; FRE 404(b).

Plaintiff's Motion *in limine* No. 3 seeks to exclude testimony, evidence, argument, or reference to any prior lawsuits or prison grievances or complaints filed by Plaintiff other than grievances filed by Plaintiff in the aftermath of the incidents that form the basis of his excessive force and deliberate indifference claims. Defendant Regelsperger objects as to the exclusion of evidence related to the previously severed lawsuit regarding Plaintiff's claims of being pepper sprayed after arrival at Pontiac, and IDOC Defendants object as they believe such lawsuits or grievances may be relevant for reasons other than character evidence, such as impeachment. The Motion is **GRANTED** to avoid improper character evidence under FRE 404(b)(1). However, parties may advise the court and opposing counsel outside the presence of the jury of their wish to elicit from any witness or admit evidence regarding other lawsuits or grievances filed by Plaintiff for reasons other than those contemplated in FRE 404(b)(1).

Plaintiff's Motion *in limine* No. 4 seeks to bar evidence of other lawsuits, grievances, or complaints filed by Plaintiff's witnesses. Defendant Regelsperger does not

object, and IDOC Defendants object because they believe they believe such lawsuits or grievances may be relevant for reasons other than character evidence, such as impeachment. The Motion is **GRANTED** to avoid improper character evidence under FRE 404(b)(1).

Plaintiff's Motion *in limine* No. 5 seeks to exclude testimony, evidence, argument, or reference to the prior arrest and/or conviction histories and/or prison disciplinary records of Plaintiff's witnesses. Defendant Regelsperger objects as to the exclusion of Jovanda White's criminal conviction related to the June 16, 2017 staff assault. IDOC Defendants object for the same reasons as to Plaintiff's motions *in limine* Nos. 1 and 2, stating that it may be relevant character evidence under FRE 609(a). However, IDOC Defendants agree that the arrest history is inadmissible. The parties are directed to advise the Court and opposing counsel outside the presence of the jury before attempting to elicit testimony from any witness or admit evidence regarding the prior criminal conviction of any witness. The Motion is **TAKEN UNDER ADVISEMENT**.

Plaintiff's Motion *in limine* No. 6 seeks to permit Plaintiff to appear in civilian clothes and without handcuffs at trial. The Motion is **GRANTED IN PART**. Plaintiff shall be permitted to appear in civilian clothes, but his restraints are subject to the United States Marshals Service's required protocol.

Plaintiff's Motion *in limine* No. 7 seeks to permit Plaintiff's witnesses who are currently incarcerated to appear in civilian clothes and without handcuffs whether they testify in person or via video. The Motion is **GRANTED IN PART,** subject to the United

States Marshals Service's required protocol for witnesses appearing in person and the Illinois Department of Correction's required protocol for witnesses appearing via video.

Plaintiff's Motion *in limine* No. 8 to prohibit testimony or other references to the security level at Menard Correctional Center ("Menard") or Pontiac Correctional Center ("Pontiac"). Defendant Regelsperger states no objection. IDOC Defendants object because they claim the security levels of Menard and Pontiac are central to arguments in this case regarding how and why Plaintiff and/or other individuals were treated by Defendants, as correctional staff, in certain ways surrounding the incidents at issue, and are thus highly probative as opposed to any prejudicial effect. FRE 403. The Motion is **GRANTED**. Evidence of Menard and Pontiac's security level has little probative value and poses a high risk of unfair prejudice, such that is inadmissible under FRE 403. If parties seek to introduce evidence related to Menard and Pontiac's security level, they must demonstrate specific need.

Plaintiff's Motion *in limine* No. 9 seeks to bar references to jurors' pecuniary interests as taxpayers. The Motion is **GRANTED** without objection, as such evidence is irrelevant and prejudicial. FRE 402; FRE 403.

Plaintiff's Motion *in limine* No. 10 seeks to bar Defendants from referring to Plaintiff or any witnesses as "felons," "convicts," "offenders," "criminals," "inmates," "prisoners," or like terms in front of the jury. The Motion is **GRANTED IN PART** and **DENIED IN PART**. The Court agrees that terms "felon" "convict" and "criminal" may constitute impermissible character evidence under FRE 404. Accordingly, the Motion is **GRANTED IN PART** as to the terms "felon," "convict," and "criminal" without

objection. The Motion is **DENIED IN PART** as to the terms "offender," "inmate," "prisoner," and "individual in custody," which are relevant and admissible. FRE 401; FRE 402. However, parties shall not unnecessarily refer to Plaintiff or witnesses as "offender," "inmate," "prisoner," and "individual in custody" where using the person's name is adequate.

### IDOC Defendants' Motions *in Limine*:

IDOC Defendants' Motion *in limine* No. 1 seeks to bar Plaintiff and his witnesses from testifying at trial regarding the causation of any medical or mental health condition. IDOC Defendants claim that Plaintiff did not include expert witnesses in his Rule 26 disclosures and should not be permitted to introduce testimony by Dr. Pablo Stewart, Jeneane Krischak, and Todd Nelson (MS LCPC) for that reason. Plaintiff requests a deferral on such a ruling to allow for fact-specific inquiries. Additionally, Plaintiff claims he does not intend to offer expert testimony, but lay witness testimony pursuant to FRE 701. As the nature of the testimony for these witnesses is at issue, the Motion is **TAKEN UNDER ADVISEMENT**.

IDOC Defendants' Motion *in limine* No. 2 seek to bar Plaintiff from offering testimony at trial as to the statements of any treating medical professional. The Motion is **GRANTED** without objection as such statements are inadmissible hearsay. FRE 801; FRE 802; FRE 803; FRE 804.

IDOC Defendants' Motion *in limine* No. 3 seeks to bar Plaintiff from offering testimony or otherwise suggesting that the State of Illinois will indemnify Defendants. The Motion is **GRANTED** without objection.

IDOC Defendants' Motion *in limine* No. 4 seeks to bar Plaintiff and his witnesses from testifying at trial regarding whether Defendants followed IDOC policies and procedures. Defendants claim this will mislead or confuse the jury, citing *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006) and FRE 403. Plaintiff states in his Response that the Seventh Circuit has held that, in this context, violation of prison rules or medical protocols is relevant evidence, citing *Moore v. Johnson*, 2018 WL 9991757, *2 (S.D. Ill. May 10, 2018). Additionally, Plaintiff argues that *Thompson* is not applicable because it did not involve an Eighth Amendment claim where subjective intent is a relevant issue. This Motion involves more complex issues of law and is therefore **TAKEN UNDER ADVISEMENT**.

IDOC Defendants' Motion *in limine* No. 5 seeks to prohibit Plaintiff from offering evidence or testimony of other lawsuits involving Defendants or the IDOC. Plaintiff has indicated he does not intend to offer such evidence. Accordingly, the Motion is **GRANTED**. Evidence regarding such cases, including *Rasho* and *Lippert*, is inadmissible according to its little probative value relative to the high risk of unfair prejudice to Defendants. FRE 403; *see also Rasho et al*., Case No. 07-CV-1298 (C.D. Ill.); *Lippert v. Ghosh et al.*, Case No. 10-cv-4603 (N.D. Ill.).

IDOC Defendants' Motion *in limine* No. 6 seeks to prohibit Plaintiff from offering evidence or testimony of any misconduct, reprimand, or grievance issued against Defendants. Plaintiff requests a deferred ruling so that the Court may conduct a specific inquiry under FRE 403. However, such evidence is may be admissible under FRE 403.

Accordingly, the Motion is **TAKEN UNDER ADVISEMENT.** The Plaintiff may not reference such evidence without first obtaining a ruling from the Court.

IDOC Defendants' Motion *in limine* No. 7 seeks to prohibit Plaintiff from offering evidence or testimony referencing any "golden rule" appeal. The Motion is **GRANTED** without objection.

IDOC Defendants' Motion *in limine* No. 8 seeks to bar Plaintiff from presenting testimony by Dr. Pablo Stewart and the Second Annual Monitor Report. Plaintiff objects that Dr. Stewart is a fact witness rather than an expert witness, and the Second Annual Monitor Report is offered solely to corroborate his meeting with Plaintiff on June 19, 2017. As stated in the ruling on IDOC Defendants' Motion *in limine* No. 1, the nature of Dr. Stewart's testimony and the Second Annual Monitor Report remains somewhat unclear. Accordingly, the Motion is **TAKEN UNDER ADVISEMENT**.

IDOC Defendants' Motion *in limine* No. 9 seeks to prohibit Plaintiff from offering his own grievances, or grievances of other individuals in custody, as evidence. Plaintiff states in his response that he does not intend to introduce such evidence for proof of the matter asserted therein. As such evidence is inadmissible as lacking relevance and as hearsay, the Motion is **GRANTED** without objection. FRE 801; FRE 802; FRE 803; FRE 804.

IDOC Defendants' Motion *in limine* No. 10 seeks to prohibit Plaintiff from presenting any testimony from other individuals in custody about their own allegations of assault/excessive use of force on the date of the alleged incident. Plaintiff states he does not intend to introduce such evidence. As this evidence has a high risk of unfair

8

prejudice, confusion, or misleading the jury pursuant to FRE 403, the Motion is **GRANTED** without objection.

IDOC Defendants' Motion *in limine* No. 11 seeks to prohibit Plaintiff from presenting any testimony or evidence from himself or other individuals in custody about a "staff assaulter" identification and/or black and white jumpsuit. Plaintiff requests the Court deny the Motion or defer its ruling, claiming that it is relevant to his argument of why IDOC Defendants allegedly ignored protocols on the use of force. A ruling on this Motion requires parties clarify IDOC protocols surrounding use of force. Accordingly, the Motion is **TAKEN UNDER ADVISEMENT**.

IDOC Defendants' Motion *in limine* No. 12 seeks to bar Plaintiff, pursuant to the *Heck* doctrine, from alleging or eliciting testimony that: 1) Plaintiff did not strike Defendant Purdom; 2) Plaintiff complied or that Plaintiff did not resist officers; and 3) excessive force was utilized against Plaintiff prior to being handcuffed. *See Heck v. Humphrey*, 512 U.S. 477 (1994). The Motion is **GRANTED**. As stated in the Court's Order Denying Plaintiff's Motion for Reconsideration (Doc. 283), any arguments about contact by Defendants before or while effectuating Plaintiff's restraint are barred by *Heck*.

IDOC Defendants' Motion *in limine* No. 13[1] seeks to bar Plaintiff from offering or eliciting testimony that 1) non-parties stood outside the shower and yelled threats at him; 2) that he was paraded, naked in front of some of the most dangerous inmates at Menard; or 3) that he was thrown in a dog cage and transported to Pontiac. Plaintiff objects in his

---

[1] IDOC Defendants' have two Motions *in limine* marked "XII," seemingly in error. For the sake of clarity, the second "XII" Motion is referred to as "No. 13" in this Order.

Response, stating such evidence is relevant to his claims that he suffered injuries from excessive force and did not receive medical care. The Court agrees that such evidence may be relevant under the standards of FRE 401 and cannot say at this time that it is so unfairly prejudicial as to be inadmissible under FRE 403. Accordingly, the Motion is **DENIED**.

**Defendant Regelsperger's Motions *in Limine*:**

Defendant Regelsperger's Motion *in limine* No. 1 seeks to bar any application for insurance, insurance policy, statement, evidence, or testimony concerning whether Defendant may have insurance in connection with Plaintiff's claim or any reference to any coverage dispute or indemnity agreement between any of the parties to this action. FRE 411 excludes evidence of liability insurance to prove that a person acted negligently or wrongfully. Accordingly, the Motion is **GRANTED** without objection.

Defendant Regelsperger's Motion *in limine* No. 2 seeks to bar evidence of medical or mental health treatment provided to other inmates or alleged injuries to other inmates, including but not limited to any grievances filed by other inmates alleging inadequate or inappropriate medical or mental health care. Plaintiff objects, claiming that a ruling is premature prior to Defendant Regelsperger showing that such evidence is not substantially similar to Plaintiff's claims. However, Plaintiff has offered no expert or lay witness to testify as to whether such injuries or grieved conduct are substantially similar to that presented in this matter. FRE 702. Accordingly, the Motion is **GRANTED**.

Defendant Regelsperger's Motion *in limine* No. 3 seeks to bar any documents, testimony, or other evidence concerning allegations, investigations, claims, discipline,

employment testing, lawsuits, lawsuit settlements, or incidents that may be used as "bad acts" asserted against Defendant, any former party, Wexford Health Sources, Inc., Menard Correctional Center, the Illinois Department of Corrections, and/or the field of correctional healthcare, by any other person or entity, including but not limited to any other patient or state medical board. Plaintiff objects in his Response, stating he wishes to admit this evidence for the limited purpose of showing Defendant Regelsperger was on notice of issues concerning the provision of medical treatment to inmates in similar circumstances. However, Plaintiff has offered no expert witness to testify as to whether similar circumstances exist. FRE 702. Accordingly, the Motion is **GRANTED**.

Defendant Regelsperger's Motion *in limine* No. 4 seeks to bar evidence of statements made to Plaintiff by non-party medical or mental health providers. As stated in the ruling on IDOC Defendants' Motion *in limine* No. 2, such statements are inadmissible hearsay. FRE 801; FRE 802; FRE 803; FRE 804. Accordingly, the Motion is **GRANTED** without objection.

Defendant Regelsperger's Motion *in limine* No. 5 seeks to bar any expert testimony by lay witnesses. Plaintiff objects because lay witnesses are allowed to testify to their own perceptions under FRE 701. As stated in the ruling on IDOC Defendants' Motion *in limine* No. 2, the Court reserves ruling on issue of lay witness testimony surrounding Plaintiff's injuries. Accordingly, the Motion is **TAKEN UNDER ADVISEMENT**.

Defendant Regelsperger's Motion *in limine* No. 6 seeks to bar any admission of Plaintiff's grievance records in his case-in-chief. FRE 801, Plaintiff states he does not intend to introduce such evidence. Plaintiff's grievance records present issues of

inadmissible hearsay and/or improper opinion testimony. FRE 801; FRE 802; FRE 803; FRE 701. Accordingly, the Motion is **GRANTED** without objection.

Defendant Regelsperger's Motion *in limine* No. 7 seeks to bar any references to settlement negotiations. The Motion is **GRANTED** without objection pursuant to FRE 408.

Defendant Regelsperger's Motion *in limine* No. 8 seeks to bar any reference to any written policies or procedures of IDOC or Wexford Health Sources, Inc. Plaintiff states in his Response that he objects, alleging medical protocols are permitted as evidence of Defendants' state of mind and proof that a prison healthcare provider knew of and disregarded a substantial risk of serious harm.  This Motion is substantially similar to IDOC Defendants Motion *in limine* No. 4, where the Court reserved its ruling due to the complex legal issues presented. The Court applies the same reasoning here, and the Motion is therefore **TAKEN UNDER ADVISEMENT**.

Defendant Regelsperger's Motion *in limine* No. 9 seeks to bar any that Wexford Health Sources, Inc. is a "bad" company. The Motion is **GRANTED** without objection.

Defendant Regelsperger's Motion *in limine* No. 10 seeks to bar any statement, testimony, or argument about the failure to call any endorsed witnesses. The Motion is **GRANTED** without objection.

Defendant Regelsperger's Motion *in limine* No. 11 seeks to bar any testimony that Defendant is responsible for the actions or inactions of others. The Motion is **GRANTED** without objection.

Defendant Regelsperger's Motion *in limine* No. 12 seeks to bar any indication, statement, or testimony concerning the size of the law firm of any of the defense counsel or the amount of time or money that may have been expended pursuing or defending this matter. The Motion is **GRANTED** without objection.

Defendant Regelsperger's Motion *in limine* No. 13 seeks to bar any "golden rule" arguments or testimony. The Motion is **GRANTED** without objection.

Defendant Regelsperger's Motion *in limine* No. 14 seeks to bar any testimony by Plaintiff or Plaintiff's witnesses concerning the state of mind of Defendant Regelsperger. Plaintiff states he does not intend to introduce such testimony. Accordingly, the Motion is **GRANTED** without objection.

Defendant Regelsperger's Motion *in limine* No. 15 seeks to bar any reference to the *Rasho* class action lawsuit, including barring Plaintiff's Exhibit 108 (the Second Annual Monitor Report), and Dr. Pablo Stewart's testimony at trial. The Motion is **GRANTED IN PART** and **TAKEN UNDER ADVISEMENT IN PART**. As stated in the ruling on IDOC Defendants' Motion *in limine* No. 8, the nature of Dr. Stewart's testimony and the Second Annual Monitor Report remains somewhat unclear. Accordingly, the Court defers ruling on the admissibility of Dr. Stewart's testimony and the Second Annual Monitor Report. However, as stated in the ruling on IDOC Defendants' Motion *in limine* No. 5, evidence concerning *Rasho* and *Lippert* is inadmissible under FRE 403.

Defendant Regelsperger's Motion *in limine* No. 16 seeks to bar Plaintiff from testifying or eliciting testimony from other witnesses regarding any of his hunger strikes,

whether before or after the alleged events on June 16, 2017. Plaintiff states he does not intend to introduce such testimony. Accordingly, the Motion is **GRANTED** without objection.

Counsel is Ordered to advise their respective client(s) and proffered witnesses of the Court's rulings contained in this Order and to admonishment accordingly prior to presenting their testimony to the Jury.

**SO ORDERED.**

Dated: June 20, 2024                         /s *David W. Dugan*

_____
DAVID W. DUGAN
United States District Judge

14